# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LACARL TERRELL TIGG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:13-cv-00324 |
| ROLAND COLSON, Warden, | ) Judge Campbell |
| Respondent. | ) |

## MEMORANDUM OPINION

Lacarl Terrell Tigg, a state prisoner incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), seeking to challenge either his 2006 conviction and sentence for rape or his 2007 conviction and sentence for the sale of cocaine, or both. Both convictions were handed down by the Criminal Court for Rutherford County, Tennessee.

In response to the Court's order entered May 7, 2013 directing a response to the petition, the respondent, Ronald Colson, has filed a motion to dismiss Tigg's petition (ECF No. 12) on the grounds that the petition is time-barred. As discussed below, the Court finds that the respondent is correct and that the petition is subject to dismissal.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Tigg apparently seeks relief related to two completely separate state convictions, though he fails to distinguish between them in his petition or even to identify them as separate convictions.

As best the Court can tell from the attachments to the habeas petition, the opinions of the Tennessee Court of Criminal Appeals available on Westlaw and Lexis, and public case history made available by the State of Tennessee at www.tncourts.gov, Tigg apparently pleaded guilty in 2005 in the Criminal Court for Rutherford County, Tennessee, Case No. F58381, to a rape charge. He was sentenced in April 2006[1] to 30 years' imprisonment at 100%. He did not seek direct review of that conviction or sentence, but he filed a petition for post-conviction relief, which the trial court denied some time in September 2007. *See Tigg. v. State*, No. M2011-

---

[1] Tigg states that he pleaded guilty to the rape charge on December 5, 2005, and that he was sentenced on April 11, 2005. (ECF No. 1, at 1.) The Court presumes that Tigg intended to state that he was sentenced on April 11, 2006.

00842-CCA-MR3-PC (Tenn. Ct. Crim. App. Aug. 30, 2011) (order denying permission to file delayed notice of appeal from order denying post-conviction relief, and briefly outlining case history) (attached to habeas petition, ECF No. 1, at 71–72). Tigg did not appeal the denial of post-conviction relief, but, in 2011, he sought permission to file a delayed notice of appeal. The Tennessee Court of Criminal Appeals denied the motion, *id.*, and the Tennessee Supreme Court denied permission to appeal. *Tigg v. State*, M2011-00842-SC-R11-PC, 2012 Tenn. LEXIS 74 (Tenn. Feb. 16, 2012).

Tigg states that he filed a Motion to Reopen Post-Conviction Petition in the Rutherford County Criminal Court on "April 204 2012" (ECF No. 1, at 3), which the Court interprets to mean either April 20 or April 24, 2012. This motion was denied on May 16, 2012. Tigg appealed the denial of his motion. The Tennessee Court of Criminal Appeals affirmed, *Tigg v. State*, M2012-01149-CCA-R3-PC (Tenn. Ct. Crim. App. Aug. 2, 2012), and later denied Tigg's motion to reconsider.

In a completely unrelated action, Tigg pleaded guilty on March 23, 2007 in the Criminal Court for Rutherford County, Tennessee, Case No. F61364, to the charge of selling 0.5 grams or more of cocaine. As part of a plea agreement, Tigg agreed to a 30-year sentence to be served at 45%. Tigg did not file a direct appeal in this case either, but he filed a state post-conviction petition on March 13, 2008, asserting claims of ineffective assistance of counsel. The post-conviction court denied relief, and Tigg appealed to the Tennessee Court of Criminal Appeals. That court affirmed the denial of post conviction relief on June 10, 2009. *Tigg v. State*, M2008-01874-CCA-R3-PC, 2009 WL 1616679 (Tenn. Ct. Crim. App. June 10, 2009). Tigg did not file an application for discretionary review by the Tennessee Supreme Court.

Tigg filed the present petition on March 28, 2013.

## II.  DISCUSSION

As an initial matter, the Court notes that Rule 2(e) of the Rules Governing § 2254 Cases states that a petitioner who seeks relief from more than one state-court judgment "must file a separate petition covering the judgment or judgments of each court." The petitioner here failed to heed that mandate, and instead has filed one petition challenging two different convictions. Because the same law operates to bar review of either, the Court will address both convictions.

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of

limitations governing habeas petitions under 28 U.S.C. § 2254. The limitations period, codified at 28 U.S.C. § 2244, states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, the only possible provision that applies is § 2244(d)(1)(A). Thus, the date on which each judgment became final is the date the statute of limitations for habeas relief began to run as to that judgment.

However, the limitations period is tolled during "[t]he time [that] a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In addition, the one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2560 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citing omitted).

**B.     The Rape Conviction, Case No. F58381**

As set forth above, the petitioner was sentenced on the rape conviction some time in April 2006. The conviction became final 30 days later, or some time in May 2006. Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003). The record does not reflect on what date Tigg filed his petition for post-

conviction relief or when exactly the trial court denied his petition, except that it happened sometime in September 2007. *See Tigg v. State*, No. M2011-00842-CCA-MR3-PC (Tenn. Ct. Crim. App. Aug. 30, 2011) (order denying permission to file delayed notice of appeal from order denying post-conviction relief, and outlining the procedural history of the case). Because Tigg did not seek an appeal of that order, it became final 30 days later, Tenn. R. App. P. 4(a), or sometime in October 2007. Thus, the latest possible date on which the statute of limitations began to run was the very next day, if the Court presumes that there was no gap between the date the judgment became final and the date Tigg filed his petition for post-conviction relief.

Besides the fact that Tigg did not exhaust whatever claims he might have brought here by first presenting them to the Tennessee Court of Criminal Appeals, the time period for filing a § 2254 petition challenging the rape conviction or sentence necessarily expired no later than October 2008, well before Tigg filed his motion for permission to file a delayed notice of appeal in 2011, or his motion to reopen post-conviction proceedings in the state court in 2012. Although Tigg apparently seems to believe that the filing of those motions in the state courts restarted the statute of limitations, such belief is unfounded. It is well established that, although a motion for a delayed appeal might toll the habeas statute of limitations if it is still running, such a motion will not restart a limitations period that has already expired. *Searcy v. Carter*, 246 F.3d 510 (6th Cir. 2001).

Accordingly, it is clear that the present petition, insofar as it seeks to challenge the 2006 rape conviction or sentence, is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A), unless the petitioner establishes some basis for equitable tolling. Tigg bears the burden of demonstrating cause for equitable tolling, *Ata*, 662 F.3d at 741, but in this case he has not even acknowledged that his petition is untimely. Because the petitioner has not presented any viable basis for applying equitable tolling, the Court finds that the petition is time-barred insofar as it seeks to challenge the 2006 conviction or sentence.

### C. The Drug-Sale Conviction, Case No. F61364

The petitioner pleaded guilty and was sentenced on the charge of selling 0.5 grams of cocaine on March 23, 2007. His conviction became final 30 days later, on April 22, 2007, the date the time period for seeking direct appellate review expired. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding under Tennessee law that " a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence").

As the respondent asserts, the limitations period ran for 325 days, until the petitioner filed his timely petition for state post-conviction relief on March 13, 2008. The Tennessee Court of Criminal Appeals ultimately denied post-conviction relief on June 10, 2009. That judgment, pursuant to Tennessee law, became final 60 days later, on August 10, 2009,[2] when the time for pursuing discretionary review from the Tennessee Supreme Court expired. 28 U.S.C. § 2244(d)(1); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (confirming that a judgment becomes final when the time for seeking direct review expires); Tenn. R. App. P. 11(b) (stating that any application for permission to appeal to the Tennessee Supreme Court shall be filed within 60 days after entry of the judgment from which appeal is sought). The limitations period was tolled for the entire time that Tigg's post-conviction litigation as to this case was pending, from March 13, 2008 through August 10, 2009, but resumed running on August 11, 2009.

Because 325 days of the one-year limitations period had already passed when the limitations period began running again on August 11, 2009, Tigg had only 40 days left during which to file a timely petition for federal habeas review. That period expired on September 19, 2009. Tigg, however, did not file his habeas petition until March 28, 2013,[3] more than three and a half years later. In other words, the present petition is time-barred unless equitable tolling applies.

Tigg, however, as indicated above, has not stated any facts suggesting he would be entitled to equitable tolling. Because the petitioner bears the burden of demonstrating cause for equitable tolling, and the petitioner here does not even acknowledge that his petition is untimely, the Court finds that Tigg's present petition is time-barred insofar as it seeks to challenge his drug-sale conviction, Case No. F61364.

III. **CONCLUSION**

In sum, the present petition, regardless of which conviction or sentence it seeks to challenge, is barred by the statute of limitations established by 28 U.S.C. § 2244(d)(1)(D) and may not be considered on the merits

---

[2] August 9, 2009, technically the 60th day after entry of the judgment of the Tennessee Court of Criminal Appeals, fell on a Sunday, so the time for seeking permission to appeal to the Tennessee Supreme Court did not expire until August 10, 2009. *See* Tenn. R. App. P. 21(a) ("Computation of Time").

[3] The petition was not actually received in this Court until April 10, 2013, but the envelope in which it was sent indicates it was submitted for mailing by the petitioner on March 28, 2013. Pursuant to the so-called "prison mail-box rule," the petition is to be deemed filed the day it was submitted to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* petitioner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to the court).

by this Court. The Court will therefore grant the respondent's motion to dismiss the petition.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Courts should not issue a COA as a matter of course, but, at the same time, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

The petition presented here is clearly barred by the statute of limitations. The petition fails to state any basis for equitably tolling the statute of limitations. Because an appeal by the petitioner would not warrant attention on the merits, the Court **DENIES** a COA. The petitioner may not pursue an appeal of this matter unless he requests and obtains a COA directly from the Sixth Circuit Court of Appeals.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge