IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LACARL TERRELL TIGG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00324 |
| ) | |
| ROLAND COLSON, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## ORDER

Lacarl Terrell Tigg, a state prisoner incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Now before the Court is the respondent's motion to dismiss the petition on the basis that it is barred by the applicable statute of limitations.

As explained in the accompanying Memorandum Opinion, the Court agrees that the petition is time-barred. 28 U.S.C. § 2244(d)(1). The respondent's motion (ECF No. 12) is therefore **GRANTED**, and the habeas corpus petition (ECF No. 1) is **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed," *Miller-El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

The claims in the petition presented here are clearly barred by the statute of limitations. The petition fails to state any basis for equitably tolling the statute of limitations. Because any appeal by the petitioner would

not warrant attention on the merits, the Court **DENIES** a COA. The petitioner therefore may not pursue an appeal of this matter unless he requests and obtains a COA directly from the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

Todd Campbell
United States District Judge